```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

WILLIAM S. HOUSTON,

                Plaintiff,
                                        MEMORANDUM AND ORDER
        -against-                       20-CV-5253 (KAM) (AKT)

NASSAU COUNTY POLICE DEPARTMENT,

                Defendant.

---------------------------------X
```
KIYO A. MATSUMOTO, United States District Judge:

Plaintiff William S. Houston commenced this *pro* se action pursuant to 42 U.S.C. § 1983 against defendant Nassau County Police Department on October 30, 2020. (ECF No. 1, Complaint ("Compl.").) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 2.) For the reasons set forth below, the complaint is dismissed and Mr. Houston is granted 30 days leave from the date of this Memorandum and Order to file an amended complaint.

## BACKGROUND

The allegations set forth by Mr. Houston in his complaint are assumed to be true for the purpose of this Order. Plaintiff alleges that on May 21, 2018, he was taken to a hospital after he "suffered a psychotic break," at which time his firearms were removed from his home by the Nassau County Police Department and his spouse was given a signed receipt for

1

the firearms that contained inaccurate information. (Compl. at 7.) On May 25, 2018, plaintiff "suffered a second or ongoing psychotic break," and was taken to a hospital where he "voluntarily remained until on or about August 22, 2018." (*Id.*) On November 5, 2018, plaintiff went to the Nassau County Police, Second Precinct and filed paperwork seeking to have his firearms returned to him. (*Id.*) Plaintiff was subsequently sent a receipt of his request and correspondence from defendant seeking further proof of ownership of the firearms. (*Id.*) Plaintiff alleges that he provided the requested proof of ownership on November 28, 2018, via certified mail. (*Id.*) On April 2, 2019, plaintiff was hospitalized again after a suicide attempt and released on May 2, 2019 to an outpatient treatment program. (*Id.*) On March 18, 2020, plaintiff requested information from defendant regarding his case, but, to date, he has not received a response or the return of his firearms. (*Id.*)

On February 10, 2020, plaintiff was notified by the Utah Department of Public Safety that his concealed carry permit in Utah was suspended because, as of May 30, 2018, he had been placed on the National Instant Criminal Background Check System ("NICS") as an "Adjudicated or Committed Mental Defective," which disqualifies him from owning a firearm pursuant to 18 U.S.C. § 922(g) & (n) and N.Y. Penal Law § 400. (Compl. at 7-

2

8.) Plaintiff argues that he "received no hearing or notification of this placement [on the list]." (*Id.* at 7.) On September 17, 2020, plaintiff contacted the "New York State Office of NICS Appeals and SAFE Act"[1] and "requested data on why he was on the prohibited persons list, whether the firearms were whole or destroyed, and the process used in order to be removed from the NICS prohibited persons list." (*Id.* at 8.) Thereafter, the NICS office confirmed that plaintiff's hospital admissions on May 25, 2018 and April 2, 2019, "were the qualifying incidents sent to the federal NICS database by [New York State.]" (*Id.*) In the instant action, plaintiff seeks, *inter alia*, to be removed from the NICS prohibited persons list and the return of his firearms. (*Id.* at 9.) As set forth below, plaintiff may seek relief according to state procedures but not before this court.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when

---

[1] "New York's Secure Ammunition and Firearms Enforcement Act of 2013 (the "SAFE Act") was enacted in January 2013, following a series of mass shootings around the United States by mentally disturbed individuals. At least some of the shooters in these incidents were able to legally obtain firearms even though they were known to be dangerous by their mental health treatment provider." *Montgomery v. Cuomo*, 291 F.Supp.3d 303, 307 (W.D.N.Y. Mar. 5, 2018).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where the court is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 ("Section 1983"). "Section 1983 provides a cause of action

4

against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)).

I. Nassau County Police Department as a Defendant

As a preliminary matter, the Court concludes that plaintiff's complaint cannot proceed because the only named defendant, the Nassau County Police Department, is not a proper defendant under plaintiff's Section 1983 claim. *See, e.g.*, Nash v. Cty. of Nassau, No. 16-cv-2148 (JFB)(AYS), 2019 WL 1367159, at *4 (E.D.N.Y. Mar. 26, 2019) ("[T]he Nassau County Police Department is not a proper defendant for any of plaintiff's Section 1983 claims."). It is well-established that "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Perros v. County of Nassau*, 238 F. Supp. 3d 395, 400 (E.D.N.Y.

5

2017). Accordingly, for this reason, plaintiff's complaint fails to state a plausible claim for relief under Section 1983 and must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

II. <u>Plaintiff's Fourteenth Amendment Equal Protection Claim</u>

Even assuming plaintiff correctly identified a defendant liable under the Section 1983, the complaint fails to state a plausible Equal Protection claim under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat all similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). To state a viable claim for denial of equal protection, a plaintiff must generally allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).

Here, plaintiff alleges that he "received no hearing or notification of [his] placement [on the NICs list], thereby violating [his] 14th Amendment, Section 1 right to equal protection of the law." (Compl. at 7.) Mr. Houston's complaint, as currently drafted, fails to state an Equal Protection claim because he has not identified a suspect class subject to differential treatment. *See, e.g.*, *Reid v. City of New York*, No. 19-cv-324 (AMD)(ST), 2019 WL 1573370, at *3 (E.D.N.Y. Apr. 11, 2019) (dismissing Equal Protection claim where "plaintiff does not allege that he is a member of a particular class").

To the extent plaintiff's Fourteenth Amendment claim is based on a violation of his due process rights, his claim also fails because state law provides an adequate remedy for the deprivation of his property interest in his firearm. *See Vialez v. N.Y.C. Hous. Auth.*, 783 F.Supp. 109, 114 (S.D.N.Y. 1991) ("[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure."). New York Mental Hygiene Law § 7.09 sets forth a process for removing a name from the

NICS list by seeking a certificate of relief from disabilities, which is based on a determination as to whether the "person's record and reputation are such that such person will not be likely to act in a manner dangerous to public safety and where the granting of the relief would not be contrary to public safety." *See* N.Y. Mental Hyg. Law § 7.09; N.Y. Comp. R. & Regs. § 543.5(2)-(6). If the application to be removed from the list is denied, an individual may seek review in state court pursuant to Article 78 of the New York Civil Practice Law and Rules. N.Y. Mental Hyg. Law § 7.09(2); *see Phelps v. Bosco*, No. 13-cv-1510, 2017 WL 437407, at *17 (N.D.N.Y. Feb. 1, 2017). "It is settled law in this Circuit that 'an Article 78 proceeding provides the requisite post-deprivation process -- even if a plaintiff failed to pursue it.'" *Montalbano v. Port Auth. of New York & New Jersey*, 843 F. Supp. 2d 473, 485 (S.D.N.Y. 2012) (quoting *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011)); *Johnson El ex rel. Johnson v. DeProspo*, No. 19-cv-8426 (CM), 2019 WL 6311882, at *4 (S.D.N.Y. Nov. 22, 2019)("Courts have held that a proceeding under Article 78 of the New York Civil Practice Law and Rules is an adequate remedy to challenge decisions with respect to firearms licenses.").

Here, plaintiff states that he contacted the New York State Office of NICS Appeals and SAFE Act on September 17, 2020,

and received information stating that his May 25, 2018 and April 2, 2019, hospital admissions were qualifying incidents, but he does not allege that he has sought a certificate of relief from disabilities.[2] (Compl. at 8.) In any event, even if plaintiff did seek a certificate and was denied, he must seek further relief in state court. Accordingly, because state law provides an adequate remedy for the deprivation of Mr. Houston's property interest in his firearm, he has failed to state a claim under the Fourteenth Amendment for a due process violation.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a plausible clam for relief under Section 1983. In light of this court's duty to liberally construe *pro se* pleadings, and in an abundance of caution, plaintiff is granted 30 days leave from the date of this Order to file an amended complaint in accordance with this Memorandum and Order.

Plaintiff's amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff

---

[2]   *See Phelps*, 2017 WL 437407, at *16 ("The application form for a certificate of relief from disabilities related to firearms, and further information regarding the process, are available on the website for the Office of NICS Appeals and New York State Secure Ammunition and Firearms Enforcement Act."); *see also* Certificate of Relief Process and Forms, available at: https://nics.ny.gov/requirements.html (last visited Dec. 11, 2020).

elect to file an amended complaint, the amended complaint must set forth the factual allegations to support his claims against all named defendants. Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants only those individuals who have personal involvement in the actions he alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. If plaintiff fails to file an amended complaint within the time allowed or fails to cure the deficiencies discussed in this Memorandum and Order, this case will be dismissed and judgment shall be entered in favor of defendant.

The Clerk of the Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff at the address listed on the docket and note service on the docket.

SO ORDERED.

        /s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:    Brooklyn, New York
            December 23, 2020